UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Nationstar Mortgage, LLC,<br><br>    Plaintiff<br><br>v.<br><br>Shenandoah Owners Association, Inc., et al.,<br><br>    Defendants | 2:16-cv-00268-JAD-NJK<br><br>**Order Denying Motion for Order Directing Plaintiff to Post Cost Bond**<br><br>[ECF 10] |

Nationstar Mortgage, LLC brings this action to avoid the effects of a 2012 HOA non-judicial foreclosure sale of one of the properties in its mortgage portfolio. The purchaser of that property at the foreclosure sale, defendant SFR Investment Pool 1, LLC, cites NRS 18.130(1) and moves this court for an order directing Nationstar to "post a $500 cost bond within 30 days" and staying these proceedings until that bond is posted.[1] I deny the motion because the stay in NRS 18.130(1) is self executing and because it does not appear that SFR has properly invoked this statute.

**Discussion**

NRS 18.130(1) allows a defendant to require an out-of-state plaintiff to post security for "the costs and charges" that "may be awarded against" it.[2] To trigger this obligation, the defendant must file and serve on the plaintiff "a written demand therefor within the time limited for answering the complaint."[3] When a proper demand is made, NRS 18.130(1) imposes an automatic stay on "all proceedings in the action" until the plaintiff posts a bond for—or deposits

---

[1] ECF 10 at 2.

[2] Nev. Rev. Stat. § 18.130(1).

[3] *Id*.

cash in the amount of—$500.[4]  Once the plaintiff posts the security, it must "notify the defendant," and the defendant then has 10 days to respond to the complaint.[5]  If the plaintiff fails to post the demanded security within 30 days of the notice, "the court or judge may order the action to be dismissed."[6]

NRS 18.130 does not require a court order to compel an out-of-state plaintiff to post a cost bond; it requires the defendant to send a written demand for the bond before its answer to the complaint is due, and that demand triggers the process.[7]  This process happens without action by the court.  If the 30 days elapse without the plaintiff posting the bond or cash, only then "may the court or judge" take action.[8]

So, not only does SFR not need an order from this court at this time, it does not appear from this motion that SFR has done what is required to trigger Nationstar's obligations under NRS 18.130 or the stay it affords: send a timely written demand to Nationstar.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that **SFR's Motion for Security of Costs [ECF 10] is DENIED.**

Dated March 3, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[4] *Id.*

[5] *Id.*

[6] Nev. Rev. Stat. § 18.130(4).

[7] Nev. Rev. Stat. § 18.130(1).

[8] Nev. Rev. Stat. § 18.130(4).