# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, | Case No. 2:16-cv-00268-JAD-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket Nos. 40, 41) |
| SHENANDOAH OWNERS ASSOCIATION, INC., et al., | |
| Defendant(s). | |

Pending before the Court is SFR's motion for an extension of time to serve Daniel L. Valvo, and motion for leave to serve him by publication. Docket Nos. 40, 41. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motions are **GRANTED**.

**I.    Motion to Extend Time for Service**

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on Mr. Valvo by 60 days.

**II.   Motion for Leave to Serve by Publication**

SFR seeks leave to serve Mr. Valvo by publication. Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Federal Rules of Civil Procedure provide for service pursuant to the law of the state in which the district court is located, or in which service is made. *See, e.g.*, Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants. Nevada law also permits a party to obtain leave for service by publication when the opposing party, *inter alia* "cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." Nev. R. Civ. P. 4(e)(1). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In this case, SFR has attempted to determine Mr. Valvo's whereabouts through, *inter alia*, public records searches, phone directories, and motor vehicle records. *See* Docket No. 40-1. SFR has also attempted to serve Mr. Valvo in Pennsylvania and attempted to contact him telephonically. *See id*. The Court finds these efforts sufficient to establish diligence, and permits service by publication.

### III.  Conclusion

Accordingly, the Court **GRANTS** the motion for service by publication. The deadline to serve Mr. Valvo by publication is also extended by 60 days. SFR shall comply with the requirements of Nevada Rule of Civil Procedure 4 and shall:

    (a) Serve Mr. Valvo by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks.

    (b) Serve Mr. Valvo by publication in a newspaper of general circulation in the Commonwealth of Pennsylvania on a weekly basis for a period of four weeks.

    (c) After publication is complete, SFR shall file an Affidavit of Publication.

IT IS SO ORDERED.

DATED: August 16, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge