## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Nationstar Mortgage, LLC,

    Plaintiff

v.

Shenandoah Owners Association, Inc.;
Nevada Association Services, Inc.; SFR
Investment Pool I, LLC,

    Defendants

ALL OTHER PARTIES AND CLAIMS

Case No. 2:16-cv-00268-JAD-NJK

**Order re: Cross-motions for Summary Judgment and Motion for Default Judgment**

[ECF Nos. 101, 102, 103, 104]

    This is one of the hundreds of lawsuits in this district in which the holder of a deed of trust seeks a declaration that its security interest was not extinguished by a homeowner's association's non-judicial foreclosure sale following the 2008 real-estate market crash. In this case, Nationstar Mortgage, LLC sues the Shenandoah Owners Association (the HOA), which conducted the 2012 foreclosure sale of a home on which it claims to hold the first deed of trust, along with foreclosure-sale purchaser SFR Investment Pool 1, LLC.[1] All three parties have filed cross-motions for summary judgment in their favor.[2] Although I dismiss Nationstar's damages claims as time-barred, I conclude that foundational issues of fact preclude summary judgment on

---

[1] Nationstar also sued the HOA's agent, Nevada Association Services, Inc. (NAS). NAS answered but has since filed a notice that it is no longer participating in this case and recognizes that default judgment may be obtained against it. *See* ECF No. 96.

[2] I find these motions suitable for disposition without oral argument. L.R. 78-1.

Nationstar and SFR's competing quiet-title claims, and I order SFR, the HOA, and Nationstar to a settlement conference with the magistrate judge.

## Background

Daniel Valvo purchased the home at 6921 Jurani Street in Las Vegas, Nevada, in 2000, with a $302,300 mortgage secured by a deed of trust.[3] After a series of refinancings[4] and assignments, Nationstar now claims that it holds the senior deed of trust.[5] The home is located in the Shenandoah planned-unit development and subject to the governing documents for its homeowners' association.[6] The Nevada Legislature gave homeowners' associations a superpriority lien against residential property for certain delinquent assessments and established in Chapter 116 of the Nevada Revised Statutes a non-judicial foreclosure procedure for them to enforce that lien.[7] After thousands of dollars in fines and other HOA charges accrued on the Valvo property, the Shenandoah HOA—through its foreclosure agent Nevada Association Services (NAS)—conducted a foreclosure sale on its lien on October 5, 2012.[8] SFR was the high bidder at $9,300.[9] As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* ("*SFR I*") in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien,

---

[3] ECF No. 104-1 at 42 (First Security Bank deed of trust).

[4] ECF Nos. 104-1 at 43 (2002 IndyMac refi); 104-1 at 44 (January 2003 IndyMac refi); 104-1 at 46 (September 2003 IndyMac refi); 103-1 (2004 Republic Mortgage refi).

[5] ECF Nos. 103-2, 103-3, 103-4 (assignments); ECF No. 104-1 (deeds of trust and reconveyances).

[6] ECF No. 103-1 at 18 (planned-unit-development rider); ECF No. 103-5 (CC&Rs).

[7] Nev. Rev. Stat. § 116.3116; *SFR Investments Pool 1 v. U.S. Bank* ("*SFR I*"), 334 P.3d 408, 409 (Nev. 2014).

[8] ECF No. 103-20.

[9] *Id*.

proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[10]

Nationstar filed this suit against the HOA and SFR on February 10, 2016, about three and a half years after the foreclosure sale.[11] Nationstar pleads four claims: quiet title, breach of NRS 116.1113's duty of good faith, wrongful foreclosure, and injunctive relief.[12] SFR counter- and cross-claims against Nationstar and Valvo for quiet title and injunctive relief.[13] Injunctive relief is not a claim, it's a remedy that rises and falls with the underlying claim it asserts. And here it is pled as a remedy for the competing quiet-title claims. So I construe and treat the "claims" for injunctive relief not as separate causes of action but as prayers for relief.

Discovery has closed.[14] Nationstar, the HOA, and SFR now cross-move for summary judgment. Nationstar argues that the lien that the HOA foreclosed on contained no superpriority component because the delinquent assessments were paid off before the action commenced, so the sale was only on the subpriority portion of the lien, leaving the deed of trust untouched; the foreclosure violated the automatic bankruptcy stay; any attempt to tender payment would have been futile based on NAS's notorious policy of rejecting tender; and if the foreclosure sale did involve a superpriority portion of the lien, it was inequitable.[15] The HOA argues that the damages claims against it are time-barred by a three-year statute of limitations and that the

---

[10] *SFR I*, 334 P.3d at 419.
[11] ECF No. 1.
[12] *Id*.
[13] ECF No. 21 (SFR's counterclaim/crossclaim). Though it also pled a slander-of-title claim, SFR withdraws that claim in its summary-judgment motion. *See* ECF No. 104 at 3 n.3.
[14] ECF No. 88.
[15] ECF No. 103 (Nationstar's MSJ).

3

portion of Nationstar's quiet-title claim based on a due-process theory is meritless.[16] Finally, SFR seeks summary judgment on the competing quiet-title claims. It argues that Nationstar's quiet-title claim is barred by a three-year statute of limitations. It also challenges Nationstar's assertion that it holds the first position, arguing that a 2002 U.S. Bank instrument, securing a $46,000 note, has that status.

Tackling the timeliness issues first, I conclude that Nationstar's damages claims are time-barred by a three-year statute of limitation, so I dismiss those claims as untimely, leaving only the competing quiet-title claims. Because the Nevada Supreme Court has held that those claims are not governed by the three-year statute of limitations that precludes Nationstar's damages claims, Nationstar's quiet-title claim is not time-barred. But, having carefully scrutinized the parties' submissions, I find that genuine issues of fact about whether Nationstar holds the first deed of trust on the property preclude summary judgment in favor of any party at this point. So I deny summary judgment on the quiet-title claims and order the parties to a settlement conference with the magistrate judge.

**Discussion**

**A.     Nationstar's damages claims are barred by the three-year statute of limitation in NRS 11.190(3)(a).**

Nationstar's second and third claims for relief target the HOA and NAS for breach of NRS 116.1113's duty of good faith and wrongful foreclosure, respectively.[17] The HOA argues that both claims are barred by Nevada's three-year statute of limitation in NRS 11.190(3)(a),

---

[16] ECF No. 102 (HOA's MSJ).

[17] ECF No. 1 at 10–11.

which governs actions "upon a liability created by statute, other than a penalty or forfeiture."[18] Because the property was sold at foreclosure in October 2012, the HOA contends that Nationstar's filing of this lawsuit nearly three and a half years later in February 2016 was too late.[19]

A claim for wrongful foreclosure "challenges the authority behind the foreclosure, not the foreclosure act itself."[20] NRS Chapter 116, which authorizes HOAs to enforce liens by non-judicial foreclosure, is the authority behind the sale at issue here. Nationstar specifically alleges that the HOA and NAS "violated the good faith requirements of NRS 116.1113," so "the foreclosure was wrongful . . . ."[21] The wrongful-foreclosure claim is thus an "action upon a liability created by statute," it is governed by the three-year statute of limitations in NRS 11.190(3)(a), and it is time barred because it was not filed within three years of the foreclosure sale.

The same is true for Nationstar's claim for "Breach of NRS 116.1113." NRS 116.1113 states that "[e]very contract or duty governed by [NRS Chapter 116] imposes an obligation of good faith in its performance or enforcement."[22] In effect, this statute just makes it clear that Nevada's policy that "[a]n implied covenant of good faith and fair dealing is recognized in every contract under Nevada law"[23] applies to CC&Rs, too. For this claim, Nationstar alleges that the HOA and NAS violated their "obligation of good faith" under NRS 116.1113 by failing to

---

[18] Nev. Rev. Stat. § 11.190(3)(a).

[19] ECF No. 102 at 6.

[20] *McKnight Family, LLP*, 310 P.3d at 559.

[21] ECF No. 1. at 11.

[22] Nev. Rev. Stat. § 116.1113.

[23] *Consol. Generator-Nevada, Inc. v. Cummins Engine Co.*, 971 P.2d 1251, 1256 (Nev. 1998) (citing *Pemberton v. Farmers Ins. Exchange*, 858 P.2d 380, 382 (Nev. 1993)).

5

identify what portion of the lien was super-priority and giving Nationstar an opportunity to protect its security interest.[24] Because the good-faith obligation in NRS 116.1113 is expressly a liability created by statute, this claim is similarly barred by NRS 11.190(3)(a)'s three-year statute of limitations.[25]

Nationstar argues that its wrongful-foreclosure claim isn't entirely founded upon liability created by statute because it offers theories beyond a mere breach of NRS 116.1113.[26] But those liability theories that the HOA and NAS "failed to give adequate notice and an opportunity to cure the deficiency"[27] are also grounded in statute and barred by NRS 11.190(3)(a).[28] Nationstar also contends that that these claims can't be time-barred because they haven't even begun to accrue yet. It reasons that it has not yet sustained the injury alleged in these claims and won't be injured "unless and until the Court determines the HOA's sale extinguished the deed of trust," and only then will the statute begin to run.[29] But Nationstar does not need a judge to declare the effect of the foreclosure sale in order for the deed of trust to be extinguished. As the Nevada Supreme Court explained in *SFR I*, "NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust."[30] So Nationstar suffers its

---

[24] ECF No. 1 at ¶ 55.

[25] The Nevada Supreme Court affirmed the dismissal of nearly identical claims under NRS 11.190(3)(a) in its unpublished decision in *U.S. Bank Tr., N.A. as Tr. for LSF8 Master Participation Tr. v. SFR Investments Pool 1, LLC*, 461 P.3d 159 (Nev., Apr. 16, 2020). Because I dismiss these claims as time-barred, I need not and do not reach the HOA's remaining arguments for summary judgment on these claims.

[26] ECF No. 108 at 10.

[27] ECF No. 1 at 11, ¶ 63.

[28] To the extent that these claims may be based on liability outside of a statute, they are duplicative of Nationstar's quiet-title theories and should be dismissed on that basis.

[29] ECF No. 108 at 11.

[30] *SFR I*, 334 P.3d at 419.

injury at the moment of foreclosure, not years later when it gets a court to confirm or disregard that injury.[31]  So I dismiss Nationstar's statutory-breach and wrongful foreclosure claims as time-barred.

**B.     Nationstar's quiet-title claim is timely.**

SFR contends that Nationstar's quiet-title claim is time-barred by the same three-year limitations period that proves fatal to its damages claims.[32]  But I have held in countless of these HOA-foreclosure cases, and the Nevada Supreme Court concluded in an unpublished decision five months ago, that a quiet-title action is not governed by NRS 11.190(3)(a) because such a claim "does not seek to hold anyone liable, but instead simply seeks a determination regarding the parties' respective rights with regard to the subject property."[33]  Instead, a lienholder's quiet-title claim is subject to the four-year limitations period in NRS 11.220.[34]  Because Nationstar filed this action within that four-year period, its quiet-title claim is timely.

---

[31] *See Bank of America v. Country Garden Owners Ass'n*, 2018 WL 1336721, *3 (D. Nev. Mar. 14, 2018) ("Because [the Bank's] interest in the property was called into question at the time of the foreclosure sale due to the HOA's superpriority lien, [the Bank] knew as of the foreclosure sale that either its deed of trust was not extinguished so it was not damaged, or its deed of trust was extinguished so it was damaged.  No later than when the trustee's deed upon sale was recorded, [the Bank] knew the content of the HOA's notices, . . . and knew the property had been sold at a foreclosure sale . . . .  Thus, based on the complaint's allegations, [the Bank] had the facts supporting its contention that the HOA foreclosure sale was improperly conducted as of the date of the foreclosure sale.").

[32] ECF No. 109 at 2–8.

[33] *U.S. Bank Tr., N.A. as Tr. for LSF8 Master Participation Tr. v. SFR Investments Pool 1, LLC*, 461 P.3d 159 (Nev., Apr. 16, 2020).

[34] *See U.S. Bank Nat'l Ass'n v. SFR Investments Pool 1, LLC*, 376 F. Supp. 3d 1085, 1091 (D. Nev. Mar 27, 2019) (explaining why Nevada's catch-all four-year limitations period applies and the three- and five-year provisions are inapplicable).  I incorporate herein the entirety of that statute-of-limitations analysis, as the arguments advanced by the parties here are the very same, regurgitated ones that have been, and continue to be, stamped out in these assembly-line cases and briefs.

**C.     Genuine issues of fact regarding the priority of Nationstar's interest preclude summary judgment in favor of any party.**

Though both Nationstar and SFR[35] move for summary judgment in their respective favors on their competing quiet-title claims, genuine issues of material fact preclude me from granting relief to either party on this record. The paramount question in this quiet-title dispute is whether Nationstar holds the first trust deed that was on the property at the time of the HOA foreclosure. In its motion, Nationstar paints a simple tale of its first-position interest by recounting that, "[i]n 2004, Daniel Valvo . . . bought" this home with a $450,000 loan from Republic Mortgage, "secured by a deed of trust recorded on June 23, 2004."[36] After two assignments, it explains, Nationstar became the beneficiary of record of that first deed of trust.[37] But SFR points out that the pre-2004 title record shows that Nationstar's story is fiction. Valvo did not buy this home with a $450,000 mortgage in 2004; he bought it four years earlier and refinanced it several times, giving half a dozen deeds of trust to lenders before Republic.[38]

---

[35] The HOA argues that it should be released from Nationstar's quiet-title claim because it does not claim an interest in the property. ECF No. 102 at 11. But one of the alternative remedies that the bank seeks is for the court to void the foreclosure sale. ECF No. 1 at 8, ¶ 40. If the sale is voided, the HOA's lien (which was satisfied by the proceeds of the foreclosure sale) will likely be at issue again. So, I cannot conclude at this time that the HOA should not remain a proper party to Nationstar's quiet-title claim.

More meritorious is the HOA's challenge to Nationstar's theory that the foreclosure sale violated its due-process rights. *See* ECF No. 1 at 9, ¶¶ 45–46. That due-process theory has been rejected by the Nevada Supreme Court and the Ninth Circuit. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir. 2019); *SFR Investments Pool 1, LLC v. Bank of New York Mellon* ("*Star Hill*"), 422 P.3d 1248, 1253 (Nev. 2018). Should this case proceed to trial, Nationstar will not be able to rely on a due-process theory for its quiet-title claim.

[36] ECF No. 103 at 2.

[37] *Id*. at 3.

[38] *See* ECF No. 112 at 4 (chart); ECF No. 104-1 (deeds of trust).

8

It appears that Valvo engaged in some creative, structured-financing moves before the 2004 transaction that anchors Nationstar's claim. The amounts of the loans secured by the various deeds of trust suggest that Valvo likely had packages of first and second trust deeds on the property. Though most of those trust deeds were reconveyed, a 2002 deed of trust with the notation "**NEVADA** – SECOND MORTGAGE – 1/80 – FNMA/FHLMC UNIFORM INSTRUMENT"[39] on the first page, benefitting U.S. Bank Trust Company, N.A., and securing repayment of a $46,000 note,[40] does not appear to have been reconveyed. The sizeable amount of the Republic Mortgage loan hints that it was used to pay off the first-position lender before it, potentially equitably subrogating Nationstar to that first-priority position under Nevada law.[41] But by skipping the rich history of Valvo's financing steps and making it appear that its deed of trust was the only one on this property, Nationstar missed the opportunity to develop the factual record necessary to establish equitable subrogation.[42] Though SFR has supplied more documents than Nationstar did about the security interests against the Valvo home, they leave me with more questions than answers at this point. So on this record, with evidence suggesting that

---

[39] Though SFR now questions the priority of this interest, SFR alleged in its counter- and cross-claim that U.S. Bank "may claim an interest in the Property via a Second Deed of Trust it originated by in [sic] 2002." ECF No. 21 at 9, ¶ 3.

[40] ECF No. 104-1 at 32.

[41] *See Houston v. Bank of Amer. Fed. Sav. Bank.*, 78 P.3d 71, 74 (Nev. 2003) (adopting the Restatement approach to equitable subrogation that "a mortgagee will be subrogated when it pays the entire loan of another as long as the mortgagee 'was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharge, and if subrogation will not materially prejudice the holders of intervening interests in the real estate.'").

[42] *See id.* at 74–75 (identifying what Nationstar must establish to show that its interest trumps U.S. Bank's). I decline SFR's request to find that Nationstar waived its ability to argue equitable subrogation. Nationstar alleges that it is the assignee of the deed of trust and that its deed of trust is "a first secured interest on the property." ECF No. 1 at ¶¶ 15, 31, 32. I find that these allegations are sufficient to allow Nationstar to argue that it holds that position based on an equitable-subrogation theory.

Nationstar subrogated to the first-position interest but also that U.S. Bank's deed of trust could occupy that priority status, I cannot say as a matter of law whether U.S. Bank or Nationstar holds the first position. And because this foundational issue precludes me from granting summary judgment in favor of any party on the quiet-title claims, I do not reach the parties' remaining downstream arguments.

**D.     SFR's motion for default judgment [ECF No. 101]**

Having obtained clerk's entries of default against cross-defendants Valvo and U.S. Bank Trust Company (the holder of that 2002 trust deed that is muddying up the title record for this property), SFR moves for default judgments declaring that these entities "have no right, title[,] or interest in the Property."[43] When determining whether a default judgment is available, the court must evaluate the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*.[44] Because SFR did not provide an analysis of the *Eitel* factors in its motion, I deny the motion without prejudice to SFR's ability to file a renewed motion that properly evaluates its request under *Eitel*.

## Conclusion

The net result of these motions is that SFR will have another opportunity to move for a default judgment against Valvo and U.S. Bank, Nationstar's second and third claims for relief (breach of NRS 116.1113 and wrongful foreclosure) are dismissed as time-barred, and the parties proceed to trial on Nationstar and SFR's competing quiet-title claims. But before that, the parties will be ordered to a settlement conference with the magistrate judge.

---

[43] ECF No. 101 at 5.

[44] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

IT IS THEREFORE ORDERED that:

- The Shenandoah Owners Association's Motion for Summary Judgment **[ECF No. 102] is GRANTED IN PART and DENIED IN PART:** Nationstar's second and third claims for relief (breach of NRS 116.1113 and wrongful foreclosure) are dismissed in their entirety as time-barred, and summary judgment is granted against Nationstar on the portion of its quiet-title claim grounded in a due-process violation theory.  The motion is denied in all other respects;

- Nationstar Mortgage LLC's Motion for Partial Summary Judgment and SFR Investments Pool I, LLC's Motion for Summary Judgment **[ECF Nos. 103, 104] are DENIED**; and

- SFR's Motion for Default Judgment **[ECF No. 101] is DENIED** without prejudice to its ability to file a renewed motion that contains an *Eitel* discussion.

**The parties are ORDERED to a settlement conference with the magistrate judge**, so this case is referred to the magistrate judge to schedule that settlement conference.  Their deadline to file a joint pretrial order is continued to the tenth day after that settlement conference.

Dated: September 9, 2020

_____
U.S. District Judge Jennifer A. Dorsey