UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Nationstar Mortgage, LLC, <br><br> Plaintiff <br> v. <br><br> Shenandoah Owners Association, Inc.; Nevada Association Services, Inc.; SFR Investment Pool I, LLC, <br><br> Defendants <br><br> ALL OTHER PARTIES AND CLAIMS | Case No. 2:16-cv-00268-JAD-NJK <br><br> **Order Denying Motion to Reopen Discovery and Granting Motion for Default Judgment on Cross-claims against U.S. Bank Trust Company and Daniel L. Valvo** <br><br> [ECF Nos. 126, 139] |

This is one of the hundreds of lawsuits in this district between a foreclosure-sale purchaser and the holder of a deed of trust on the property, seeking a declaration about the viability of that deed of trust as a result of the foreclosure sale. Summary-judgment proceedings narrowed the claims to competing quiet-title ones and revealed genuine issues of fact about which deed of trust occupies first position—the one underlying Nationstar Mortgage's claim, or an earlier U.S. Bank Trust Company one.[1] Nationstar now moves to reopen discovery for the limited purpose of allowing it to seek out documents to resolve that confusion. But foreclosure-sale-purchaser SFR Investment Pool 1, LLC opposes that request as coming far too late in this more than five-year-old case that is long overdue for trial.[2] SFR also moves for default

---

[1] ECF No. 124.

[2] ECF No. 139 (Nationstar's motion to reopen discovery), 140 (SFR's opposition).

judgment against U.S. Bank Trust Company and original homeowner Daniel L. Valvo.[3] Because I find that Nationstar was not diligent in its discovery pursuits, I deny its motion to reopen discovery. But I grant SFR's unopposed motion for a declaratory default judgment on its cross-claims against U.S. Bank and Valvo.

**Discussion**

**A.     Nationstar's Motion to Reopen Discovery [ECF No. 139]**

With summary-judgment motions in the rearview mirror and a proposed joint pretrial order awaiting this court's adoption, Nationstar seeks to rewind this case back to the discovery phase to allow it to seek out documents to prove the foundational element of its quiet-title claim—that the first deed of trust on the property belongs to Nationstar.[4] It argues that it did not know during discovery that SFR would take the stance that the first-priority position was occupied by U.S. Bank Trust's deed of trust (DOT). So it wants to reopen the discovery period for a month to allow it to obtain and "disclose evidence to demonstrate its 2004 deed of trust should either be equitably subrogated to the 2002 senior deed of trust (which had priority over the 2002 junior deed of trust), or that the 2002 junior deed of trust was fully satisfied prior to the recording of Nationstar's 2004 senior deed of trust."[5] Nationstar contends that it didn't realize this issue existed until SFR raised it in its motion for summary judgment.[6] And SFR's repeated characterization of the U.S. Bank Trust DOT as the "second deed of trust," and Nationstar's as the "first," contributed to its blindness on this point.[7]

---

[3] ECF No. 126.
[4] ECF No. 139.
[5] *Id.* at 5.
[6] *Id.* at 5–6.
[7] ECF No. 141 at 2–4.

SFR notes that it disclosed the existence of the 2002 U.S. Bank DOT in is 2016 counterclaim, so Nationstar was alerted to the existence of this competing interest in plenty of time to conduct the now-requested discovery.[8]  SFR also points out that it wasn't its job to highlight for Nationstar the defects in its interest—as the plaintiff in this quiet-title case, the burden is on Nationstar to prove its superior position.  But even if we accept that Nationstar reasonably did not know that there was a cloud on its title until SFR wrote in its summary-judgment motion that Nationstar's 2004 DOT "is not a first position security interest because a 2002 DOT was recorded first and has never been reconveyed,"[9] SFR argues that Nationstar's lack of diligence after reading that sentence requires this court to deny its motion.[10]

Federal Rule of Civil Procedure 16(b)(4) allows the court to modify a scheduling order to reopen discovery "only for good cause."[11]  The Ninth Circuit instructs courts to consider six factors in searching for good cause:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.[12]

---

[8] ECF No. 140 at 3.

[9] ECF No. 104 at 2.

[10] ECF No. 140 at 3–4.

[11] Fed. R. Civ. P. 16(b)(4).

[12] *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) (citation omitted), vacated on other grounds, 520 U.S. 939 (1997)).

At bottom, however "Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[13] "If that party was not diligent, the inquiry should end."[14]

Diligence has long eluded Nationstar's approach to this aged case. I stayed this action early in its life while we awaited the conclusion of appellate and certified-question proceedings in seminal decisions in this unique area of Nevada HOA law.[15] Although those proceedings concluded at the beginning of October 2018, Nationstar waited more than six months to move to lift that stay and restart this litigation.[16] The magistrate judge entered a scheduling order that noted that, at the time the case was originally stayed, only 56 days remained in the discovery period.[17] Yet, the parties "[i]gnor[ed] those circumstances" and sought "an order completely restarting the discovery clock with a new 178-day discovery period" with "[n]o explanation of any kind . . . to support that request."[18] So the magistrate judge "instead provide[d] a discovery period of" an additional 60 days, which closed on September 3, 2019.[19] No party moved to extend that deadline, and all parties filed competing motions for summary judgment the following month on the deadline to do so.[20]

---

[13] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

[14] *Id.*

[15] *See* ECF Nos. 55 (Order Denying Motion to Lift Stay); 62 (Second Order Denying Motion to Lift Stay).

[16] *See* ECF No. 71.

[17] ECF No. 86 at 1.

[18] *Id*.

[19] *Id*. at 2.

[20] ECF Nos. 102, 103, 104.

As the quiet-title plaintiff in this action, Nationstar bears the burden to establish its superior interest in the property.[21] Having litigated scores of these HOA-foreclosure actions in this district, Nationstar is well aware of that obligation. So it should have come as no surprise to Nationstar that it would need to prove that its deed of trust enjoys first position on this property, and the time for gathering evidence of that superior interest was before filing this suit in 2016 (as FRCP 11 required) or, at the very latest, during the discovery phase in 2019. But even if I accept that Nationstar was lulled into believing that this foundational element was not contested based on SFR's pleadings and discovery responses, SFR's summary judgment motion disabused Nationstar of any such belief. So Nationstar has known since at least October 2019 that SFR was taking the position that the first deed of trust on the property was a 2002 one benefitting U.S. Bank Trust Company, not Nationstar's 2004 interest. Yet, Nationstar did not then move for additional discovery under FRCP 56(d). Instead, it glossed over this competing DOT in its own briefing and then waited to seek this relief until nearly three months after this court held that the "evidence suggesting that Nationstar subrogated to the first-position interest but also that U.S. Bank's deed of trust could occupy that priority status" precludes summary judgment. This patent and consistent lack of diligence is fatal to Nationstar's request.

The good-cause factors also balance heavily against amending the scheduling order to reopen discovery. Nationstar waited to make its request until two weeks before the extended deadline to file the proposed joint pretrial order, so trial was—and remains—imminent. SFR vehemently opposes the request and will be prejudiced by needless delay if it is granted. Though

---

[21] *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nevada Ass'n Servs., Inc.*, 437 P.3d 154, 158 (Nev. 2019) ("because 'a plea to quiet title does not require any particular elements, each party must plead and prove his or her own claim to the property in question.'") (quoting *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013).

5

Nationstar will suffer prejudice if it cannot obtain the documents to establish the fundamental elements of its claim, this is a predicament of Nationstar's own making due to its lack of diligence. Even if I were reopen discovery, there is no guarantee that it would lead to additional evidence because any relevant documents or information would be nearly 20 years old. And because I cannot even find good cause to reopen discovery, I need not—so I do not—even reach the question of whether Nationstar has shown excusable neglect for failing to bring this request before the discovery cutoff. The motion to reopen discovery is denied.

**B.     SFR's Motion for Default Judgment [ECF No. 126]**

SFR's pleading includes cross-claims against U.S. Bank Trust Company and defaulted homeowner Valvo.[22] Neither responded, and the Clerk of Court entered default against them.[23] SFR now moves for a default judgment declaring that they (and their successors and assigns) have no right, title or interest in the property at issue.[24] The motion is unopposed.[25]

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain a default judgment after the clerk enters default based on a defendant's failure to defend. After default, the complaint's factual allegations are taken as true, except those relating to damages.[26] Whether to grant a motion for default judgment lies within the trial court's discretion,[27] which is guided by the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*:

---

[22] ECF No. 21.
[23] ECF Nos. 79, 100.
[24] ECF No. 126.
[25] ECF No. 127.
[26] *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam); FED. R. CIV. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").
[27] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

6

> (1) the possibility of prejudice to the [claimant] (2) the merits of the [claimant]'s substantive claim; (3) sufficiency of the [pleading]; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[28]

SFR has demonstrated that the *Eitel* factors support the entry of a declaratory default judgment here. In its cross-claim, SFR alleges—and the default of Valvo and U.S. Bank has established against them—these facts:

- Valvo obtained title to the Property in May of 2000 through a grant, bargain sale deed from the developer, Shenandoah, LLC, which was recorded in Official Records of the Clark County Recorder as Instrument No. 200005050000220;[29]
- U.S. Bank Trust Company "recorded a deed of trust against the Property in the Official Records of the Clark County Recorder as Instrument No. 2002030103010000465";[30]
- "Valvo obtained a cash-out refinance loan through Republic in June of 2004";[31]
- "U.S. Bank had actual and/or constructive notice of the Association Lien, NRS 116.3116 and the amount of periodic assessments owed to the Association before it originated" that deed of trust;[32] and
- Valvo's ownership interest, and U.S. Bank's security interest in the property, if any, were extinguished as a matter of law by the foreclosure of the Association Lien, which contained super-priority amounts.[33]

---

[28] *Eitel,* 782 F.2d at 1471–72.
[29] SFR's counterclaim at ¶ 28.
[30] *Id*. at ¶ 33.
[31] *Id*. at ¶ 29.
[32] *Id*. at ¶ 34.
[33] *Id*. at ¶¶ 47, 49.

SFR pleads only a quiet-title claim against these defendants; it does not seek money damages, only a declaration that they have no remaining interest in the property.  No party—defaulted or otherwise—has opposed this motion, so there do not appear to be any disputes of fact that would preclude default judgment against these defendants.  And although the court favors decisions on their merits, the failure of these parties to participate in this case over its five-year lifespan has made a merit-based ruling on SFR's claims against them impossible.  SFR is thus entitled to a declaratory default judgment against Valvo and U.S. Bank Trust Company.

## Conclusion

It is therefore ORDERED that Nationstar's Motion to Reopen Discovery **[ECF No. 139] is DENIED**;

It is further ORDERED that the Motion for Default Judgment against U.S. Bank Trust Company and Daniel L. Valvo on SFR Investments Pool 1, LLC's Cross-claim **[ECF No. 126] is GRANTED.**  IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that **PARTIAL JUDGMENT IS ENTERED** in favor of Cross-claimant SFR Investments Pool 1, LLC on its cross-claims against U.S. Bank Trust Company and Daniel L. Valvo, and:

- Cross-Defendant U.S. Bank Trust Company, and its successors and assigns in the deed of trust in the Official Records of the Clark County Recorder as Instrument No. 2002030103010000465, have no right, title, or interest in the property known as 6921 Jurani Street in Las Vegas, Nevada; and

- Cross-Defendant Daniel L. Valvo and his successors and assigns have no right, title, or interest in the property known as 6921 Jurani Street in Las Vegas, Nevada.

Dated: April 8, 2021

_____
U.S. District Judge Jennifer A. Dorsey